Aaron Bluthenthal and U. L. Bickert, Partners as Bluthenthal & Bickert, *Plaintiffs in Error*, v. Stone Brothers, *Defendants in Error*.

1. Where the evidence fails to show contemporaneous financial embarrassment of the grantor, a conveyance will not be held fraudulent because of subsequent financial difficulty caused by a fire.

2. A verdict reading "We the jurors find a verdict in favor of the defendant. W. H. Dekle, foar—" is sufficient basis for a judgment.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*W. B. Farley,* for Plaintiffs in Error;

*W. H. Price, W. H. Watson* and *C. L. Wilson,* for Defendants in Error.

COCKRELL, J.—This is an action in ejectment in which there was a verdict and judgment for the defendants. The plaintiffs claim title under a sheriff's deed, executed in April, 1906, upon a judgment of the County Court recorded in the Circuit Court in January, 1904, the judgment being against P. Sheffield upon attachment instituted in November, 1903, while the defendants claim under a deed from the said Sheffield to his son recorded in Jackson county in March, 1903.

The evidence signally fails to show that the senior Sheffield was financially embarrassed at the time of the deed to his son, but the embarrassment if any of moment, was occasioned later by a fire that destroyed his liquor business wholly dissociated from the valuable ·plantation here involved. Such being the evidence we need not scan with over nicety the numerous charges given and refused. There was no evidence upon which a verdict for the plaintiff was warranted and none of the excluded evidence had reference to transactions anterior to the deed, or which could bind the grantee therein or his successors.

The verdict of the jury "We the jurors find a verdict in favor of the defendant. W. H. Dekle, foar—," while in-

formal, leaves no doubt of its meaning and was sufficient basis for the judgment entered.

Judgment affirmed.

All concur except TAYLOR, J., absent on account of illness.